GEORGE STARLING *v.* WEST VIRGINIA AND KENTUCKY
INSURANCE AGENCY

(No. 6884)

Submitted February 24, 1931.  Decided March 3, 1931.

*Crockett & Tucker* and *Chas. A. Tutwiler,* for plaintiff in
error.

*Fleming A. Jones, Jr.,* for defendant in error.

HATCHER, JUDGE:

In this case judgment for $200.00 was rendered in favor
of the plaintiff on an accident insurance policy, and this
writ of error followed upon the petition of the defendant.

The facts are not in controversy.  The accident occurred
on December 22, 1928, and the amount of the judgment is
the correct sum due if the defendant is liable.  The policy was
issued August 1, 1928, and insured the plaintiff for that
month "and for such succeeding months as the renewal
premiums of $3.75 per month paid in advance."  The plaintiff
worked for a coal company.  By a written order he appointed
the company his "sole agent" to deduct from the wages due
him from "month to month" and pay to the defendant, the
monthly premiums on the policy.  The payroll clerk of the
company testified that the company acted as agent for de-
fendant and collected the premiums; that it was his custom
to charge off the current insurance premiums against the

accounts of the miners in the second half of each month, usually about the 16th; that the entire earnings of plaintiff for December, 1928, were $63.00; that the balance due plaintiff at the end of the first half in December was $6.30; that he earned $14.85 the second half (making a total credit the last half of $21.15); and that after he was charged with "house rent and everything" he had a balance at the end of the second half of only $3.30 which was insufficient to pay the premium for December, and it was not paid to defendant. It does not appear why the premium was not charged to plaintiff on December 16th by the coal company as he had a balance then of $6.30 which was ample.

The majority of the Court sustains the lower court upon the following theory: When the insured directed payment to the insurance company out of his due wages of the insurance premium of $3.75 each month, the employer being also appointed as the person to receive the premium, and sufficient money was earned and in the hands of the employer, the insured had done all he could possibly do except to go to the employer, receive the money, and pay it back to his employer for the insurance company; it then became the duty of the employer as agent of the insurance company to pay the premium over to its principal and the employer's dereliction in not doing so was the dereliction of its principal, the insurance company.

With deference to the majority, I do not subscribe to this theory. The coal company was the agent of plaintiff to pay over the premium to defendant, and likewise the agent of defendant to collect the premium from the plaintiff. *Paying over* and *collecting* in this instance were correlative terms. *Paying over* or *collecting* consisted in making the amount of the premium available (either by credit or transfer of money) to the defendant. This necessitated withdrawal of the amount of the premium from the cash or the credit of the plaintiff. In other words, performance of the composite duty of the coal company required an overt act. Until that act was done the money was not paid over or collected. The December premium was not made available for defendant or withdrawn from the plaintiff. It remained the property of plaintiff.

There was a complete neglect of duty by the coal company both to the plaintiff and to the defendant. When an agency is dual, and the breach of the agency is complete, I cannot see how the breach can be charged entirely to one principal in favor of the other. See generally *York* v. *Acc. Assn.*, 51 W. Va. 38, at p. 45.

Pursuant to the opinion of the majority of the Court, the judgment is affirmed.

*Affirmed.*