JOE SOMOG *v.* WEST VIRGINIA AND KENTUCKY INSURANCE AGENCY

(No. 6883)

Submitted February 24, 1931. Decided March 3, 1931.

*Crockett & Tucker* and *Chas. A. Tutwiler,* for plaintiff in error.

*Froe, Capehart & Miller,* for defendant in error.

WOODS, JUDGE:

This is an action to recover certain accrued disability benefits. The insurance company prosecutes error from a judgment of the circuit court of McDowell county, entered on a verdict in favor of the plaintiff.

Plaintiff entered the employment of Houston Colliery Company the early part of April, 1928, and was injured August 3rd of that year. In order to share in the benefits of the group insurance taken out by the employer, the employee was required to sign a pay order assigning a certain portion of his wages to the defendant and authorizing the employer to deduct the same each month. It appears that a 10% commission was deducted from all premiums so collected. In other words, the employer was the agent for defendant in collections. *Starling* v. *Insurance Co.*, 110 W. Va. 219, decided contemporaneously herewith.

Plaintiff (who testified through an interpreter) states that about two weeks after he had started to work someone solicited him in the mine for insurance; that he signed some sort of paper at that time; that he went to the office in person to get his pay for the last of June, at which time he inquired of Clark, the bookkeeper, as to the reason for a $3.00 deduction, stating that he had not signed for insurance; that Clark told him he had signed at the mine; that a day or so later he told Clark, on the latter's advice, "I keep" the insurance. Plaintiff also claims that $3.00 was deducted from his pay in July. And both he and his wife testify that like premiums had been deducted from April and May pays.

The defendant introduced the payroll for the latter half of June and sought to explain the $3.00 item, deducted from plaintiff's pay for insurance, by a statement of Shaw, the chief clerk of the colliery company, that the entry was erroneous. To support such theory a letter from the employer, signed by Clark, dated July 14th, requesting a return of that premium on the ground that plaintiff claimed he was not solicited, together with a refund check for $2.70, were introduced. Shaw stated that he cashed the check, turned the proceeds over to Clark, and that Clark paid the money to another miner similarly situated. The money was never returned to plaintiff, or proffer made, until trial. Instead of introducing the policy to support the theory that the group insurance was not taken out prior to June, 1928, defendant relied on Shaw's statement to that effect. Clark was the one man who could testify definitely concerning

plaintiff's right, yet defendant simply contents itself with the statement of Shaw that Clark is out of the colliery company's employment, and that witness did not know where he went. No attempt to ascertain his whereabouts is shown. While defendant's witness acknowledges familiarity with the colliery company's business, yet for some reason he is unable to comprehend the all too obvious meaning of the notations "less 10%" and "less 10% Col. Com.," appearing in the letter and check, respectively.

Did plaintiff sign a slip authorizing the company, as agent of defendant, to deduct for insurance? He states he signed something, and that Clark later informed him it was for insurance; that he decided to keep the insurance; that premiums were deducted regularly. It was the duty of the employer to deduct the premiums. Was the insurance item left off the July payroll by error? There is nothing to indicate that it was not reported on the monthly statement forwarded the defendant. The defendant's witness was sent back to his employer's office during the noon intermission and returned with the payroll for the first half of April. This does not refute plaintiff's statement that premiums were deducted from the pay for the latter half of April and May. So we again have the statement of plaintiff asserting, and that of the chief clerk denying, that premiums were deducted for those months.

The issues were squarely before the jury. They have seen fit to give the plaintiff's evidence due credit and to reject that of the defendant. The judge gave due consideration to the verdict on motion of the defendant to set the same aside, and refused to do so. We cannot say, under the circumstances, that the verdict is contrary to the evidence. *State* v. *Winans,* 100 W. Va. 418.

The judgment must therefore be affirmed.

*Affirmed.*