MIKE ROMINICK *v.* INTER-OCEAN CASUALTY CO.

(No. 7446)

Submitted May 2, 1933. Decided May 9, 1933.

(Rehearing denied June 9, 1933)

*Grover C. Worrell,* for plaintiff in error.

*Ira J. Partlow* and *Christie & Christie,* for defendant in error.

WOODS, JUDGE:

This is an action to recover indemnity under a certain health and accident policy. A demurrer was interposed to plaintiff's evidence, and the trial court entered judgment for the plaintiff on a conditional verdict for $362.69. Defendant prosecutes error.

It appears that application for the policy declared on was signed on August 6, 1930, in the presence of the employer's payroll clerk. By written order of even date, plaintiff appointed Empire Coal & Coke Company, employer, his "sole agent" to deduct from the wages due him from "month to month", and pay to the defendant's local agency, the monthly premiums; and by the same writing, assigned to the agency aforesaid $4.75 out of his "wages for the current month in payment of policy fee and premiums on insurance applied for * * * and $3.75 out of each future month's wages in payment of the monthly premium necessary to keep" the insurance in force.

In pursuance of the foregoing pay order, the employer, which received a 10% commission for making collections for defendant, on August 7, 1930, deducted from the wages of the plaintiff $4.75 to cover policy fee of $1.00 and the first month's premium. The next deduction—$3.75—was made on the last day of September, 1930, and a like amount was deducted on the last day of each succeeding month to and including the 31st day of May, 1931. Plaintiff went to work for another company on the 8th day of June, 1931, and was injured five days later. The insurance company denied liability on the theory that the policy had lapsed for non-payment of the June premium.

There is no evidence that the plaintiff did any work for the Empire Coal & Coke Company after May 26, 1931, except his own statements that he did not quit its employ until June 4, 1931. The auditor of the Empire Coal & Coke Company was called as a witness in plaintiff's behalf. He introduced the

payroll for the period May 16-31, 1931, which showed May the 26th as the last day plaintiff had worked during that month. It listed his credits for the period aforesaid at $18.47. Against this were charges (including insurance, May 6, to June 5, 1931) of $10.10, leaving a balance of $8.37. The payroll for June 1-15 carried the May balance forward with the further notations "no earnings", and "no charges". The club house register likewise showed no charges after May 27th. So, for the purpose of this case, there were no funds shown to be in the hands of the employer from which it could pay the insurance.

While the employer was admittedly the agent of the insurance agency in the collection of premiums (*Starling* v. *Insurance Agency*, 110 W. Va. 219, 157 S. E. 399), it was nevertheless limited, by the pay order, to certain specific funds, namely, the "wages for the current month." Naturally, it could not be expected to advance the premium with the expectation of making deductions against insured's current wages, if such insured was no longer in its employ. As we read the pay order, the employer was accountable to the insured for $8.37. The latter could have demanded the full amount thereof in cash at any time, and payment of the June premium therefrom would not have relieved the employer of liability to the plaintiff for such amount. The policy was, therefore, not in effect at the time of the accident.

The judgment must be reversed, the verdict of the jury set aside, and a new trial awarded the defendant.

*Reversed; verdict set aside; new trial awarded.*